08-4984-cv
Hilfiger v. Alger

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
              BARRINGTON D. PARKER,
              PETER W. HALL,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
LORETTA HILFIGER,
        Plaintiff-Appellant,

        -v.-                                          08-4984-cv

MARK ALGER, Steuben County Executive of Steuben County Department of Social Services, KATHRYN BEILH, Commissioner, and ROBERT PLENGE, Deputy Commissioner of Administration and Finance for the Department of Social Services,

        Defendants-Cross-Claimants-
        Cross-Defendants-Appellees,

**CARLA HIBBARD, Director Steuben Child Care Project--A Division of Pro Action of Steuben and Yates Inc., d/b/a Steuben Child Care Project, and JOAN SIMPSON, Caseworker at Steuben Child Care Project,**

> **Defendants-Cross-Defendants-Cross-Claimants-Appellees**.

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     CATHERINE MONTJAR IRWIN, Kornstein Veisz Wexler & Pollard, LLP, New York, New York.

**FOR APPELLEES:**     BRYAN J. MAGGS, Davidson & O'Mara, P.C., Elmira, New York; MATTHEW J. DUGGAN, Lippman O'Connor, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Loretta Hilfiger alleges, inter alia, that (1) the defendants violated her rights under the due process clause of the Fourteenth Amendment by denying her a child care subsidy without providing constitutionally sufficient pre-deprivation process, and (2) that this violation was not cured by post-deprivation procedures.

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005). It is undisputed here that Hilfiger had a property interest in her continued receipt of the child care subsidy; the contested issue is whether she received constitutionally adequate process.

"An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks omitted). Due process should include "notice [that is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

"To determine whether [a plaintiff] received the process [s]he was due, we must consider: (1) the private interest at stake; (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value (if any) of alternative procedures; [and] (3) the government's interest, including the possible burdens of alternative procedures." O'Connor, 426 F.3d at 197 (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). In undertaking this analysis, we abide by the principle that "[p]re-deprivation process 'need not be elaborate,'" and that the "primary function" of such process "is to serve as an 'initial check against mistaken decisions.'" O'Connor, 426 F.3d at 198 (quoting Loudermill, 470 U.S. at 545). "[T]he Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." O'Connor, 426 F.3d at 198.

Applying these principles, we hold that Hilfiger received constitutionally sufficient pre-deprivation process. As to the July 2004 denial: Hilfiger was notified on July 14 that "care is not normally covered for an older sibling during maternity leave and [that Hilfiger] could be responsible for the full cost of care." J.A. 259. Accordingly, she was asked that same day to submit specific documentation which might support her eligibility for the subsidy. By August 12, Hilfiger had not submitted the documentation. Thus, in the period between July 14 and the August 13 oral denial of the July subsidy, Hilfiger had received both *notice* that the subsidy might be denied for July, and an *opportunity to respond* to that notice by providing the requested documentation or by objecting to the possibility of the pending denial (as her legal advocate did in the August 23 letter).

As to the September 2004 termination: On September 3, Hilfiger's case manager wrote Hilfiger a letter warning that

3

her eligibility for the subsidy depended on her submission by September 13, 2004 of an employment verification form and pay stubs for Linza Ford--the father of her two children, who was scheduled to move into the home on September 14. That letter gave notice that "[f]ailure to submit all of the required documentation listed above before the due date will result in the termination of child care services."  J.A. 277.  Hilfiger failed to submit the requested documentation until September 23-24, *after* the September 22 notice terminating her subsidy effective September 29.  Thus, at this juncture as well, Hilfiger was given *notice* that her eligibility might terminate, and an *opportunity to respond*.

Finally, it is irrelevant whether Hilfiger was entitled to more process under New York law than that which she actually received.  "Unlike the existence of a property interest, which finds its origins in state law, minimum procedural requirements are a matter of federal law." Ciambriello v. County of Nassau, 292 F.3d 307, 319 (2d Cir. 2002) (brackets and internal quotation marks omitted); see also Vitek v. Jones, 445 U.S. 480, 491 (1980).  "The Constitution, not state law sources[,] . . . determines what process is due."  Ciambriello, 292 F.3d at 319.  Thus, where--as here--constitutionally sufficient process has been afforded, there can be no liability under 42 U.S.C. § 1983, regardless of whether state procedural rules were contravened.

Finding no merit in Hilfiger's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK